**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **UNIFIED MESSAGING SOLUTIONS, LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **THE PNC FINANCIAL SERVICES GROUP, INC., RBC BANK** <br><br> Defendants. | **CASE NO.** <br><br> **PATENT CASE** <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT
AGAINST THE PNC FINANCIAL SERVICES GROUP, INC.**

Plaintiff Unified Messaging Solutions LLC ("Unified Messaging") files this Complaint against The PNC Financial Services Group, Inc. and RBC Bank ("Defendants") for infringement of U.S Patent Nos. 6,857,074 (hereinafter "the '074 patent"), 7,836,141 (hereinafter "the '141 patent"), 7,895,306 (hereinafter "the '306 patent), 7,895,313 (hereinafter "the '313 patent), and 7,934,148 (hereinafter "the '148 patent").

**THE PARTIES**

1.      Unified Messaging is a limited liability company organized and existing under the laws of the State of Texas with principal places of business located in Newport Beach, California and Frisco, Texas.

2.      Defendant The PNC Financial Services Group, Inc. ("PNC") is a Pennsylvania corporation with its principal place of business in Pittsburgh, Pennsylvania. PNC does business in the State of Illinois and in the Northern District of Illinois.

3. Defendant RBC Bank ("RBC") was acquired by PNC in March of 2012. RBC was formerly the United States-based retail banking division of the Royal Bank of Canada. RBC was formerly a North Carolina corporation with a principal place of business at 301 Fayetteville Street, Suite 1400, Raleigh, North Carolina 27601.

## JURISDICTION AND VENUE

4. Unified Messaging brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

5. The United States District Court for the Northern District of Illinois has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367. The United States District Court for the Northern District of Illinois has subject matter jurisdiction for pretrial proceedings pursuant to 28 U.S.C. § 1407.

6. Venue is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendants have committed acts of infringement in the Northern District of Illinois, have purposely transacted business in the Northern District of Illinois, and/or have a regular and established place of business in the Northern District of Illinois. Venue is proper in the United States District Court for the Northern District of Illinois for pretrial proceedings pursuant to 28 U.S.C. § 1407.

7. Defendants are subject to the United States District Court for the Northern District of Illinois's specific and general personal jurisdiction pursuant to due process and/or the due at least to its substantial business in Illinois and the Northern District of Illinois, including: (A) at least part of their infringing activities alleged herein; and (B) regularly doing or soliciting business and, accordingly, deriving substantial revenue from goods and services provided to

Illinois residents. With regards to pretrial proceedings, Defendants are subject to the United States District Court for the Northern District of Illinois's specific and general personal jurisdiction pursuant to 28 U.S.C. § 1407.

## COUNT I

(INFRINGEMENT OF U.S. PATENT NO. 6,857,074)

8. Unified Messaging incorporates paragraphs 1 through 6 herein by reference.

9. Unified Messaging is the exclusive licensee of the '074 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '074 patent, including the right exclude others and to enforce, sue, and recover damages for past and future infringement. A true and correct copy of the '074 patent is attached as Exhibit A.

10. The '074 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

11. Defendants have directly infringed and continue to directly infringe one or more claims of the '074 patent in the Northern District of Illinois and elsewhere in Illinois and the United States, including at least claim 1, without the consent or authorization of Unified Messaging, by or through their making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of their respective web-based communications service(s), including webmail services, accessible via their website(s) and/or their messaging/mail/web server(s).

12. Unified Messaging has been damaged as a result of Defendants' infringing conduct described in this Count I. Defendants are, thus, liable to Unified Messaging in an amount that adequately compensates it for Defendants' infringements, which, by law, cannot be

less than a reasonable royalty, together with interest and costs as fixed by the United States District Court for the Northern District of Illinois under 35 U.S.C. § 284.

## COUNT II

(INFRINGEMENT OF U.S. PATENT NO. 7,836,141)

13. Unified Messaging incorporates paragraphs 1 through 11 herein by reference.

14. Unified Messaging is the exclusive licensee of the '141 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '141 patent, including the right exclude others and to enforce, sue, and recover damages for past and future infringement. A true and correct copy of the '141 patent is attached as Exhibit B.

15. The '141 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

16. Defendants have directly and/or indirectly infringed and continue to directly and/or indirectly infringe one or more claims of the '141 patent in the Northern District of Illinois and elsewhere in Illinois and the United States, including at least claim 21, without the consent or authorization of Unified Messaging, by or through their making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of their respective web-based communications service(s), including webmail services, accessible via their website(s) and/or their messaging/mail/web server(s).

17. Unified Messaging has been damaged as a result of Defendants' infringing conduct described in this Count II. Defendants are, thus, liable to Unified Messaging in an amount that adequately compensates it for Defendants' infringements, which, by law, cannot be

less than a reasonable royalty, together with interest and costs as fixed by the United States District Court for the Northern District of Illinois under 35 U.S.C. § 284.

## COUNT III

(INFRINGEMENT OF U.S. PATENT NO. 7,895,306)

18. Unified Messaging incorporates paragraphs 1 through 16 herein by reference.

19. Unified Messaging is the exclusive licensee of the '306 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '306 patent, including the right exclude others and to enforce, sue, and recover damages for past and future infringement. A true and correct copy of the '306 patent is attached as Exhibit C.

20. The '306 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

21. Defendants have directly and/or indirectly infringed and continue to directly and/or indirectly infringe one or more claims of the '306 patent in the Northern District of Illinois and elsewhere in Illinois and the United States, including at least claim 5, without the consent or authorization of Unified Messaging, by or through their making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of their respective web-based communications service(s), including webmail services, accessible via their website(s) and/or their messaging/mail/web server(s).

22. Unified Messaging has been damaged as a result of Defendants' infringing conduct described in this Count III. Defendants are, thus, liable to Unified Messaging in an amount that adequately compensates it for Defendants' infringements, which, by law, cannot be

less than a reasonable royalty, together with interest and costs as fixed by the United States District Court for the Northern District of Illinois under 35 U.S.C. § 284.

## COUNT IV

(INFRINGEMENT OF U.S. PATENT NO. 7,895,313)

23. Unified Messaging incorporates paragraphs 1 through 21 herein by reference.

24. Unified Messaging is the exclusive licensee of the '313 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '313 patent, including the right exclude others and to enforce, sue, and recover damages for past and future infringement. A true and correct copy of the '313 patent is attached as Exhibit D.

25. The '313 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

26. Defendants have directly and/or indirectly infringed and continue to directly and/or indirectly infringe one or more claims of the '313 patent in the Northern District of Illinois and elsewhere in Illinois and the United States, including at least claim 10, without the consent or authorization of Unified Messaging, by or through their making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of their respective web-based communications service(s), including webmail services, accessible via their website(s) and/or their messaging/mail/web server(s).

27. Unified Messaging has been damaged as a result of Defendants' infringing conduct described in this Count IV. Defendants are, thus, liable to Unified Messaging in an amount that adequately compensates it for Defendants' infringements, which, by law, cannot be

less than a reasonable royalty, together with interest and costs as fixed by the United States District Court for the Northern District of Illinois under 35 U.S.C. § 284.

## COUNT V

(INFRINGEMENT OF U.S. PATENT NO. 7,934,148)

28. Unified Messaging incorporates paragraphs 1 through 26 herein by reference.

29. Unified Messaging is the exclusive licensee of the '148 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '148 patent, including the right exclude others and to enforce, sue, and recover damages for past and future infringement. A true and correct copy of the '148 patent is attached as Exhibit E.

30. The '148 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

31. Defendants have directly and/or indirectly infringed and continue to directly and/or indirectly infringe one or more claims of the '148 patent in the Northern District of Illinois and elsewhere in Illinois and the United States, including at least claim 1, without the consent or authorization of Unified Messaging, by or through their making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of their respective web-based communications service(s), including webmail services, accessible via their website(s) and/or their messaging/mail/web server(s).

32. Unified Messaging has been damaged as a result of Defendants' infringing conduct described in this Count V. Defendants are, thus, liable to Unified Messaging in an amount that adequately compensates it for Defendants' infringements, which, by law, cannot be

less than a reasonable royalty, together with interest and costs as fixed by the United States District Court for the Northern District of Illinois under 35 U.S.C. § 284.

## ILLUSTRATIVE INFRINGEMENTS

33. Unified Messaging incorporates paragraphs 1 through 32 herein by reference.

34. Defendants have committed direct infringement as alleged in Counts I through V, at least through operation of its "Online Banking" feature accessible at least through their websites, www.pnc.com and www.rbcbank.com. Specifically, these features infringe at least claims 1, 2, 4, and 26 of the '074 patent. These features also infringe at least claims 21, 24, and 29 of the '141 patent. These features also infringe at least claims 1, 7, 39, 90, 91, 140, and 147 of the '148 patent. These features also infringe at least claims 5, 25, 37, and 40 of the '306 patent. These features also infringe at least claims 10 and 11 of the '313 patent.

35. In the alternative, Defendants have committed indirect infringement as alleged in Counts II through V through their inducing and/or contributing to the infringements of their users via the "Online Banking" feature. Defendants have possessed knowledge of the '141 patent, the '306 patent, the '313 patent and the '148 since at least the service of this complaint. Since at least the service of this complaint, Defendants have known or should have known that their actions would induce or contribute to actual infringement by their users. Since at least the service of this complaint, Defendants have specifically intended for their users to use the "Online Banking" feature in a manner that infringes at least claims 21, 24, and 29 of the '141 patent, claims 1, 7, 39, 90, 91, 140, and 147 of the '148 patent, claims 5, 25, 37, and 40 of the '306 patent, and claims 10 and 11 of the '313 patent by instructing and/or encouraging the users to use the "Online Banking" features.

36. On information and belief, Defendants have possessed knowledge of the '074, '141, '306, '313, and '148 patents since at least the service of this complaint and, on information and belief, Defendants have continued to infringe the '074, '141, '306, '313, and '148 patents despite an objectively high likelihood that their actions constitute infringement of the '074, '141, '306, '313, and '148 patents and a subject knowledge or obviousness of such risk.

37. This case is exceptional pursuant to the provisions of 35 U.S.C. § 285.

## JURY DEMAND

Unified Messaging hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Unified Messaging requests that the Court presiding over this matter find in its favor and against Defendants, and that the Court presiding over this matter grant Unified Messaging the following relief:

a. Judgment that one or more claims of the '074, '141, '306, '313, and '148 patents have been infringed, either literally and/or under the doctrine of equivalents, by Defendants;

b. Judgment that Defendants account for and pay to Unified Messaging all damages to and costs incurred by Unified Messaging because of Defendants' infringing activities and other conduct complained of herein;

c. Judgment that Defendants account for and pay to Unified Messaging a reasonable, on-going, post-judgment royalty because of Defendants' infringing activities and other conduct complained of herein;

d. That Unified Messaging be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein; and

e. That Unified Messaging be granted such other and further relief as the Court may deem just and proper under the circumstances.

| | |
|---|---|
| **Dated: January 14, 2013** | Respectfully submitted, |
| | /s/ Timothy E. Grochocinski |
| | Timothy E. Grochocinski |
| | Illinois State Bar No. 6295055 |
| | INNOVALAW, P.C. |
| | 1900 Ravina Place |
| | Orland Park, IL 60462 |
| | (708) 675-1974 |
| | teg@innovalaw.com |
| | |
| | Edward R. Nelson, III |
| | Texas State Bar No. 00797142 |
| | Lead Counsel |
| | Brent N. Bumgardner |
| | Texas State Bar No. 00795272 |
| | Christie B. Lindsey |
| | Texas State Bar No. 24041918 |
| | Thomas C. Cecil |
| | Texas State Bar No. 24069489 |
| | Jonathan H. Rastegar |
| | Texas State Bar No. 24064043 |
| | NELSON BUMGARDNER CASTO, P.C. |
| | 3131 West 7th Street, Suite 300 |
| | Fort Worth, Texas 76107 |
| | (817) 377-9111 |
| | enelson@nbclaw.net |
| | bbumgarnder@nbclaw.net |
| | clindsey@nbclaw.net |
| | tcecil@nbclaw.net |
| | jrastergar@nbclaw.net |
| | |
| | **Attorneys for Plaintiff** |
| | **Unified Messaging Solutions LLC** |